ADELIA MARSH vs. THE RHODE ISLAND COMPANY.

MAY 7, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  Common Carriers.  Negligence.  Evidence.

In an action for personal injury against a common carrier.  Q.  "Do you know the length of the Pawtuxet cars, which have eleven seats; have you measured that?" was rightly excluded, as it did not appear that witness had measured the car in question, nor that all eleven seat cars in use at the time of the trial were of the same length as the car in use at the time of the accident, and plaintiff had had an opportunity to get the length of the car on which the accident happened.

(2)  Common Carriers.  Negligence.  Declarations.  Evidence.

In an action for personal injury, plaintiff alleged that the accident was caused by the sudden starting of the car either (in one count) from a standstill or (in a second count) as it was about to come to a stop on signal from the conductor and as she was getting ready to alight.  The evidence for plaintiff showed the car had come to a stop and evidence for the defendant showed that it was moving slowly at the time:

Held, that as the jury might have believed the evidence of plaintiff showing due care on her part in preparing to alight and that she was thrown by the sudden starting of the car after the signal to stop, although they might not have believed that the car had come to a full stop, it was error to have excluded the second count from the consideration of the jury.

(3)  Common Carriers.  Contributory Negligence.

In a personal injury action charge of the court that a woman 64 years of age, in alighting from a moving car was guilty of contributory negligence was error, since the evidence thereon being conflicting the question should have been left to the jury.

VINCENT and BAKER, JJ., dissenting.

TRESPASS ON THE CASE FOR NEGLIGENCE.   Heard on exceptions of plaintiff and sustained.

PARKHURST, J.   This is an action of trespass on the case for negligence, brought by Adelia Marsh against The Rhode Island Company, begun by writ dated September 12, 1906. The declaration was originally in a single count, which alleged, in substance, that the plaintiff was a passenger on a car belonging to the defendant; that after said car had come to a full stop, at the corner of Dorrance and Weybosset streets, and while she was stepping from the body of said car to the footboard thereon, the car was carelessly

and negligently started forward suddenly and without warning and plaintiff was thrown to the ground. Subsequently two additional counts were filed called second and third counts. A demurrer to the "second" count was sustained, and a demurrer to the "third" count was overruled, and the case was tried to the jury on the original or "first" count and on the "third" count. This "third" count alleges substantially that the plaintiff was a passenger on a car of the defendant; that said car was about to come to a stop at or near the corner of Dorrance and Weybosset streets, on a signal given by the conductor; that the plaintiff was getting ready to alight from the car; and that the car was then and there started ahead at great speed, before the plaintiff could alight therefrom, without any sufficient warning to her, and caused her to be thrown to the ground, she being all the while in the exercise of due care upon her part.

The jury returned a verdict for the defendant, and after the denial of plaintiff's motion for a new trial, the plaintiff duly filed a bill of exceptions and prosecuted the same to this court, and the case is now before this court upon the bill of exceptions.

Plaintiff's first exception was to the exclusion of a certain question (p. 102 of transcript), viz.: "Q. 46. (By Mr. Littlefield) Do you know the length of the Pawtuxet cars which have eleven seats, have you measured that?" this question was rightly excluded. It does not appear that the car upon which the plaintiff was riding had been measured by the witness; nearly six years had elapsed since the accident, and it did not appear that all eleven bench cars in use at the time of the trial were of the same length as the car in use at the time of the accident. Furthermore, the plaintiff's council was given an opportunity to get the length of the very car which was actually in use at the time, evidence having shown the number thereof and that the car was in existence, but did not see fit to avail himself of the opportunity. This exception is overruled.

The second exception was to the exclusion by the court from the consideration of the jury of the said "third" count

in the declaration. The portion of the charge which excluded this count from the consideration of the jury, and to which exception was taken, is as follows: "Now then, the third count which is really the second count, alleges as a cause of action that she was a passenger, alleges the duty, of course, of a common carrier with regard to passengers, and it charges that while this car was at the corner of Dorrance street and Weybosset street, etc., that the agent and servant of the defendant company, while the plaintiff was getting ready to alight therefrom, that the defendant company, notwithstanding its duty in the premises, so negligently, carelessly, recklessly, managed and controlled this car, that the car was then and there started ahead, with great speed, when the plaintiff was alighting therefrom, without any sufficient warning to the plaintiff then and there, causing the plaintiff to be thrown to the ground. It alleges that as the car was about to come to a stop, it says as it was about to come to a stop, that the car was started ahead recklessly and carelessly. There are two statements of the case, gentlemen.

"Now there is no testimony, gentlemen, in this case, which would warrant a finding for the plaintiff on that last statement of fact, absolutely none of sufficient weight to warrant a finding on that last statement, and I will tell you exactly why I reach that result and charge you as I do. The testimony for the plaintiff consists, in the first instance, of the testimony of her daughter, Miss Marsh, and her testimony is explicit to the point that the car came to a full stop, that a man alighted before her mother, while the car was at a full stop and that her mother started to go out of the end seat, nearest the Narragansett Hotel there, while the car was at a full stop, and while she was attempting to get out the car was standing still. There is the sum total of the testimony, which is explicit. There is not any equivocation with respect to the details from the plaintiff's standpoint, and the testimony of the defendant, the testimony of all the witnesses that pretend to know about the occurrence is this, that this lady stepped off while the car was in motion,

so that it brings it right down, as a legal proposition, to that one count, and that is the first count, and then the issue is: Did that car come to a full stop, and did this lady get off or attempt to get off while that car was at a full stop, and was it started, throwing her to the ground? There is the issue, and the only one on which a verdict can be sustained."

Now it is manifest that the plaintiff, in her declaration, attempted to state her case in two different ways; first, that the car came to a full stop, upon signal and that she was stepping to the footboard from the car, while it was at a standstill, when it suddenly, without warning, started and threw her to the ground; and second, that when the car was about to come to a stop on signal given by the conductor, and the plaintiff was getting ready to alight from the car, the car was started ahead at great speed before the plaintiff could alight therefrom, without any sufficient warning to her, and caused her to be thrown, she being in the exercise of due care. We do not think it can be said that there was no evidence to support this second count. While it is true that the plaintiff's daughter testified that the car had come to a full stop and then started while her mother was on the footboard attempting to alight and threw the plaintiff to the ground; and while it is also true that several of the defendant's witnesses testified that the car did not come to a full stop, but was going very slowly or barely moving at the time of the plaintiff's fall, it is manifest that the plaintiff's contention was that her fall was caused by the sudden starting of the car, either from a standstill, or from such slow motion that the plaintiff and her daughter might have been deceived into thinking that the car had come to a full stop. We think the jury could have found that the car had come to a full stop, or that the plaintiff's daughter was mistaken in thinking that it had stopped, being deceived by the slow motion of the car; and that the jury still might have believed that the plaintiff was thrown by the sudden starting of the car when the plaintiff was getting ready to step to the footboard in the endeavor to alight, after the conductor had given one bell to stop the car and

had called "Dorrance Street" as the evidence shows that he did.   In our opinion it was error for the trial judge to exclude this count from the consideration of the jury, because the jury might well believe that portion of the evidence for the plaintiff which shows that she was in the exercise of due care in getting ready to alight, and was thrown by the sudden starting of the car after the conductor had signalled one bell to stop the car and had called "Dorrance Street," although they might not believe that the car had come to a full stop at the time.   This exception is therefore sustained. (See *Rathbone* v. *Union R. R. Co.*, 13 R. I. 709.)

(3)   The third exception is to a portion of the charge to the jury which reads as follows:   "If, on the other hand, the car hadn't come to a full stop, she being a woman some sixty-four years of age,   .   .   .   whatever chances a man is willing to take is one thing, but a lady, sixty-four years of age, encumbered by her skirts, who attempts to step off a car when it is in motion, is guilty of negligence, negligence which would prevent her from recovering, but that is outside the issue here, because the issue here is as to whether the car was at a full stop.   .   .   .   If the car had come to a full stop and she started to get off, the starting of that car while she was in the act of getting off would make the company liable; and if, on the other hand, she saw fit to step off while it was in motion she took her chance and would have to abide by the consequence."

We think this charge was error, in that it was to the effect that under the statements of fact set forth in the charge the defendant was conclusively guilty of contributory negligence.   The question of contributory negligence should have been left to the jury, as the evidence upon that point was conflicting, and if the jury had believed the evidence for the plaintiff, they might have found that she was in the exercise of due care.   .

In the case of *Rathbone* v. *Union R. R. Co.*, 13 R. I. 709, where the trial court refused to instruct the jury "That if the plaintiff got off the car while in motion, it was negligence on her part, and she cannot recover, it being admitted

that she was between fifty and sixty years of age, and that the time was between eleven and twelve o'clock at night," the refusal so to charge was held correct. The court said, p. 711,—"If the presiding justice had granted the fourth request he would have instructed the jury, in substance, that if they found the plaintiff alighted while the car was moving at a rate of speed however small, although they found that the accident resulted in no wise from the motion then subsisting, but solely from the improper increase of the rate of that motion, nevertheless they must find for defendant. We think that such instruction would have been erroneous, and that the question of negligence was rightly left to the jury under the instructions given."

We think the law as laid down in this case was quite applicable to the facts of the case at bar, and that the question of the plaintiff's contributory negligence should have been left to the jury. This exception is sustained.

As the case must be tried again, owing to the error of law above pointed out, it is not necessary to consider the fourth exception, that being to the refusal of the trial court to grant a new trial upon the plaintiff's motion upon the ground that the verdict was against the law and the evidence, &c., in the usual form.

The first exception is overruled, the second and third exceptions are sustained, and the case is remitted to the Superior Court for a new trial.

VINCENT, J., dissenting. This is an action of trespass on the case for negligence. The plaintiff's declaration originally in one count, alleged that the plaintiff was a passenger on one of defendant's cars; that said car came to a full stop at the corner of Dorrance and Weybosset streets; that while she was stepping from the body of the car to the footboard the car was suddenly and without warning started forward, whereby she was thrown to the ground and injured.

Subsequently two additional counts were filed as the second and third counts of the declaration. These addi-

tional counts were demurred to and the demurrer was sustained as to the second count and overruled as to the third count.

The third count alleged that the defendant's car was about to come to a stop near the corner of Dorrance and Weybosset streets, upon a signal given by the conductor; that the plaintiff was getting ready to alight from the car and that before she could alight therefrom the car was started ahead at great speed, without warning to her, and that she was thereby thrown to the ground and injured.

The jury returned a verdict for the defendant. A motion for a new trial by the plaintiff was denied and the case is now before this court upon the plaintiff's bill of exceptions.

The first exception I think is properly disposed of in the majority opinion of the court.

The second exception is to the exclusion of the third count from the consideration of the jury. I think that this exception should be overruled. There was no testimony whatever under this count which should have been submitted to the jury. The plaintiff's daughter, who accompanied her at the time of the accident, testified positively, and without any reservation whatsoever, that the car came to a full stop, and that while her mother was endeavoring to alight therefrom the car was suddenly started, throwing her to the ground. The testimony of the witnesses for the defendant was that while the car was slowly moving the plaintiff stepped therefrom to the ground and thus sustained her fall. No witness upon either side testified or gave any testimony from which it might be inferred that the speed of the car was changed while the plaintiff was attempting to alight therefrom as alleged in said third count. I cannot agree with the majority of the court in assuming that the plaintiff's daughter might have been mistaken as to the car coming to a full stop and that the jury under the testimony would be warranted in considering that the plaintiff was thrown from the car by a sudden acceleration of speed, there being no testimony whatever to support such an assumption.

The testimony as to the position in which the plaintiff lay upon the ground after she fell is undisputed. All of the witnesses agree that she lay with her head toward the front of the car. This seems to me to fully corroborate the testimony of the defendant's witnesses that she was thrown by stepping to the ground while the car was moving slowly and not through any sudden starting of such car or the sudden acceleration of its speed. If the car had been at a full stop, with the plaintiff proceeding to alight therefrom and upon the runningboard, and it had then suddenly started, the result would have been to pull the plaintiff's feet from under her in the direction in which the car was going and would have caused her to fall with her head toward the rear of the car. If the car had been moving at a slow speed and there had been a sudden acceleration of speed the result to the plaintiff, so far as her position upon the ground was concerned, would have been the same. If, however, the plaintiff stepped from the slowly moving car to the ground her feet, upon reaching the ground, would have been suddenly arrested causing her body to be projected in the direction in which the car was going, that is to say, she would be thrown upon the ground with her head toward the forward end of the car and that was the position of the plaintiff at the time of the accident. Her position upon the ground, therefore, fully corroborates the testimony of the defendant's witnesses that she stepped to the ground from the moving car and would seem to be conclusive upon that point.

The third exception is to a portion of the charge to the jury, as follows: "If, on the other hand, the car hadn't come to a full stop, she being a woman some sixty-four years of age, . . . whatever chances a man is willing to take is one thing, but a lady, sixty-four years of age, encumbered by her skirts, who attempts to step off a car when it is in motion, is guilty of negligence, negligence which would prevent her from recovering, but that is outside the issue here, because the issue here is as to whether the car was

at a full stop. . . . If the car had come to a full stop and she started to get off, the starting of that car while she was in the act of getting off would make the company liable; and if, on the other hand, she saw fit to step off while it was in motion she took her chance and would have to abide by the consequence.''

I do not think that the plaintiff's exception to this portion of the charge should be sustained. I think that the court while, perhaps, somewhat unguarded in its statement of the law in the early part of said quotation, in its final statement of the law as applicable to the present case was correct. As the court said, if the car had come to a full stop and the plaintiff started to get off, the starting of the car while she was in the act of getting off would make the company liable; and if, on the other hand, she saw fit to step off while it was in motion she took her chance and would have to abide by the consequences. There were only two questions to be submitted to the jury under the plaintiff's declaration and upon the testimony as presented; (1) did the car come to a full stop and suddenly start while the plaintiff was getting off; (2) did the plaintiff step from the slowly moving car to the ground. There was no question of contributory negligence which should have been left to the jury. The jury could only properly find one of two things; (1) that the defendant was negligent in suddenly starting its car after it had been brought to a full stop, or (2) that the plaintiff was injured through her negligence in stepping from the moving car to the ground.

The majority opinion cites the case of *Rathbone* v. *Union R. R. Co.*, 13 R. I. 709, in support of its finding that the question of contributory negligence should have been left to the jury, but I do not think that the decision in that case applies to the case at bar. In the *Rathbone* case the court said, in stating the facts,—''The evidence for the plaintiff tended to show that the car had been stopped at the request of another passenger, and that while it was so stopped the plaintiff alighted, and while she was in the act of alight-

ing the car was started, and she was thrown to the ground. The evidence for the defendant tended to show that the plaintiff alighted while the car was still in motion at a slow rate of speed, and that the accident was caused by the sudden acceleration of speed. It was proved without denial that the plaintiff gave no notice to the conductor or driver of the car that she desired to alight, and also that the starting of the car, or the acceleration of speed, whichever it was, took place in obedience to the signal of the conductor, given for that purpose, without knowledge on his part that the plaintiff desired to alight."

The defendant requested the court to charge the jury, as follows:

"1.  That if the plaintiff, without notice to and without the knowledge of the driver or conductor, proceeded to get off the car, she cannot recover.

"2.  That it was the duty of the plaintiff to have notified some one in charge of the car if she desired to get off, and that if she got off without such notice, or without the knowledge of those in charge of the car, she did so at her peril, and cannot recover.

"3.  If the plaintiff attempted to get off the car without any notice to the conductor or driver, and was injured by the sudden starting of the car, such injury cannot be attributed to the negligence of the defendants, and the verdict should be for the defence.

"4.  That if the plaintiff got off the car while in motion, it was negligence on her part, and she cannot recover, it being admitted that she was between fifty and sixty years of age, and that the time was between eleven and twelve o'clock at night."

In its opinion, the court said,—"In this case the car stopped, or was, apparently, about to stop for the convenience of a passenger, and in response to the signal of the conductor. We cannot say that under such circumstances it was the duty of the plaintiff, as a matter of law, to give notice that she also desired to alight. The stopping or

slowing of the car in response to the signal, we think, might fairly be taken as notice by all the passengers, that all who desired to alight might take advantage of the opportunity;" and further, in reference to the 4th request, said,—"If the presiding justice had granted the fourth request he would have instructed the jury, in substance, that if they found the plaintiff alighted while the car was moving at a rate of speed however small, although they found that the accident resulted in no wise from the motion then subsisting, but solely from the improper increase of the rate of that motion, nevertheless they must find for the defendant."

This seems to be a very different case from the one at bar. In the *Rathbone* case the plaintiff was not thrown by stepping from the car to the ground, but by the act of the defendant in suddenly increasing the speed while she was still upon the car.   The proximate cause of her fall was the sudden change of speed following the invitation to alight which had been extended to her by the signal of the conductor to stop the car.

The *Rathbone* case neither holds that a person who deliberately steps from a moving car to the ground and is thereby thrown down is not guilty of contributory negligence which would bar recovery nor that when the stepping from a moving car to the ground is the proximate cause of the accident the question of the plaintiff's contributory negligence should be left to the jury.

I think that, under the circumstances of the case at bar, the plaintiff in stepping from the moving car to the ground assumed the risk of injury, and if in so doing she received the injuries complained of she was guilty of contributory negligence as a matter of law.   In finding a verdict for the defendant, the jury must have been satisfied that the defendant was not negligent and I think such verdict should not be disturbed, and that the fourth exception should also be overruled.

BAKER, J., concurs in the opinion of VINCENT, J.

*James B. Littlefield*, for plaintiff.

*Joseph C. Sweeney, Philip T. Gleason, Clifford Whipple,* for defendant.